## S. M. CONGER v. J. T. ROBISON, COMMISSIONER OF GENERAL LAND OFFICE.

### No. 2139. Decided March 8, 1911.

**Mandamus—Land Commissioner—Certificate of Occupancy.**

The statutes with reference to certificates of occupancy to be given by the Commissioner of the General Land Office to purchasers of school land completing the occupation required to perfect title (Rev. Stats., art. 4218j; Act of May 16, 1907, Laws, 30th Leg., 1st Called Session, p. 495, sec. 6g) do not require the giving of such certificate except as to the section purchased for and to be occupied as a home. There being no legal duty to certify as to the effect of such completed occupation of the home section upon the title of the holder to other lands purchased in right of such occupancy, mandamus will not lie to compel the commissioner to give it. (P. 142.)

Original application to the Supreme Court by Conger for writ of mandamus against the Commissioner˙ of the General Land Office.

*Charles Gibbs,* for relator.

*Jewel P. Lightfoot,* Attorney-General, and *L. A. Dale* and *J. L. Terrell,* Assistants, for respondent.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Relator having, in 1909, become the purchaser from one Dawson of the east half of a section of school land which section had, in 1906, been purchased from the State by Dawson, in addition to a home section, caused himself to be substituted on the records of the land office as purchaser of such half section and made his home upon it by actual settlement. He afterwards, also in 1909, bought from the State two additional sections. Having resided on the half section for a time which, added to that for which the residence had been maintained on the section originally bought by Dawson for a home, made up, as is asserted, the three years occupancy required by the statute, relator filed proof thereof in the land office and received from respondent a certificate of occupancy of the half section. He now complains that respondent will not issue to him a certificate as to the two additional sections, showing that the occupancy proved is all the occupancy that is required as affecting his title to such sections, and seeks in this proceeding to compel respondent to do so.

The statutory provisions relating to such certificates are found in article 4218j of the Revised Statutes and section 6g of the Act of 1907. Neither requires the Commissioner to give more than one certificate, which is as to the occupancy of the tract on which the purchaser, or those under whom he claims, have resided.

We are not advised as to what has been the practice of respondent with reference to other tracts than those on which the homes of purchasers have been maintained; but, to justify the granting of the writ of mandamus prayed for, a legal duty to do the act to be enforced must be shown. So far as we can see, all that the statute exacts of him is the certificate as to the section or sections which have been occupied, the legal consequences thereof with respect to other sections not being required to be determined by his certificate.

It follows that, whether relator is right or wrong in his contention as to the sufficiency of the duration of his residence, the mandamus can not issue; and hence this is not the proper proceeding in which to obtain a decision upon the merits of that contention.

*Mandamus refused.*